NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>    Defendant. | No. 23cv21830 (EP) (MAH)<br><br>OPINION |

**PADIN**, **District Judge.**

I.   BACKGROUND

Pro se Plaintiff Raj K. Patel, an Indiana resident[1] identifying himself as "descendent of Hindu God Emperor-King Rama I and Queen Sita I through King Luv (Rama II) and of the superior *chh gam* Leva Patel *Samaj gol*," alleges a 2007 agreement with the President (then George W. Bush), and 2018 and 2021 ratifications by Presidents Trump and Biden. D.E. 1 ("Compl." or "Complaint"). Under this purported agreement, the United States would "receive services from [Plaintiff] that are [of] important public interest and material to national security and state affairs." Compl. at 6, 7. Based on this purported agreement, Plaintiff alleges myriad claims including breaches of contract, religious liberties violations, fraud, and battery.

Plaintiff also seeks to proceed *in forma pauperis* ("IFP"), D.E. 1-2, and moves for the appointment of pro bono counsel, D.E. 2. The Court will **GRANT** Plaintiff's IFP application. After granting IFP, however, the Court must screen the Complaint to determine whether it is

---

[1] The only apparent connection to New Jersey is that Plaintiff alleges that he was born here. Compl. at 5.

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Having screened the Complaint, the Court will **DISMISS** the Complaint **with prejudice** and **DENY** the motion for pro bono counsel as moot.

## II.     LEGAL STANDARD

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325(1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, No. 11-841, 2012 U.S. Dist. LEXIS 4929, at *3 (D. Del. Jan. 13, 2012).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

The court also has the authority to examine subject-matter jurisdiction sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). The party commencing the action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

### III.   ANALYSIS

Plaintiff "is a serial litigant who has filed a series of 'sprawling complaint[s]' in courts across the nation." *Patel v. United Parcel Servs.* ("*UPS*"), 207 N.E.3d 1218 (Ind. Ct. App. 2023) (quoting *Patel v. Patel*, 834 F. App'x 244, 245 (7th Cir. 2021)). Several have been dismissed by federal courts which concluded that the claims were so frivolous as to divest the courts of subject-matter jurisdiction. *See, e.g., Patel v. Biden*, 2021 U.S. Dist. LEXIS 123951 (D.D.C. July 2, 2021); *Patel v. Patel*, 2020 U.S. Dist. LEXIS 158872 (S.D. Ind. Sept. 1, 2020); *see also Patel v. United States*, 2021 U.S. Dist. LEXIS 163595 (D.N.J. Aug. 30, 2021) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)) (noting that the manner in which Plaintiff's claims were

pleaded "may also divest this Court of subject matter jurisdiction").  Plaintiff has been barred from filing new claims in the federal District Court of the Southern District of Indiana for a period of two years.  *UPS*, 207 N.E.3d at 1218.  Other courts have warned of similar sanctions.  *Patel*, 834 F. App'x at 245.

The subjects of Plaintiff's many prior lawsuits have varied.  *See, e.g., UPS*, 207 N.E.3d 1218 (injury stemming from "appearance of the word 'LOSE' on UPS's website delineating the delivery of a document associated with a different . . . complaint."); *Raj K. Patel v. United States* ("*Hawaii Action*"), No. 23-cv-00318, 2023 U.S. Dist. LEXIS 161778, at *1 (D. Haw. Aug. 8, 2023) (petition for writ of mandamus commanding the federal government to protect Plaintiff from what he describes as "technology" that has made him "fat," stressed, and depressed).

Almost invariably, however, his claims have been rejected outright upon initial screening. *See, e.g., Hawaii Action*, (describing allegations of religious persecution as "nonsensical," "wild," and "unhinged"); *Excellent Raj K. Patel v. United States*, No. 22-734, 2022 U.S. Claims LEXIS 3006, at *1-2 (Fed. Cl. Aug. 12, 2022) (rejecting Plaintiff's breach of contract claim and petition for a writ of mandamus for the "President with [the Court]'s resources . . . to free [him] from untenable Force, similar to the effectuation of the weapon of the Havana Syndrome."); *Patel v. House*, No. 2022-1962, 2022 U.S. App. LEXIS 24258, at *1-2 (Fed. Cir. Aug. 29, 2022) (dismissing allegations that he formed a contract with Presidents of the United States and other "fantastic or delusional scenarios" that are "clearly baseless").  That includes at least one other matter in this District, which Judge Wigenton dismissed in 2021.  *See Patel v. United States*, No. 21-16029, 2021 U.S. Dist. LEXIS 178552, at *5 (D.N.J. Sep. 20, 2021) (dismissing as implausible claims that "government and school officials have used a 'bio-tech weapon' to steal his 'word

4

patterns,' impede his college and law school performance, and cause him to become obese, costing him 'millions of dollars' in professional opportunities as an actor in pornographic films.").[2]

Indeed, Plaintiff recognizes that the very claims alleged in this Complaint were already rejected by the Court of Federal Claims. Compl. ¶ 4 (citing *Excellent Raj K. Patel v. United States*, No. 22-734, 2022 U.S. Claims LEXIS 3006, at *1 (Fed. Cl. Aug. 12, 2022)). This Court does not sit in review of the Court of Federal Claims. Even if it did, however, there would be no basis to disturb that court's holding. This Court likewise finds Plaintiff's Complaint frivolous and unintelligible and will dismiss it accordingly. Because amendment would be futile, this dismissal will be with prejudice. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

Finally, this Court will join sister courts in warning Plaintiff that the further filing of vexatious or frivolous litigation may result in an order under 28 U.S.C. § 1651(a), barring him from filing new actions without prior permission in this Court. This warning is necessary, in light of Plaintiff's numerous filings, to conserve this Court's judicial resources. *See Patel v. United States*, No. 21-CV-6553, 2021 U.S. Dist. LEXIS 178751, at *7-8 (S.D.N.Y. Sep. 20, 2021) (warning Plaintiff upon first SDNY filing based on numerous dismissals in other courts).

IV.   **CONCLUSION**

For the reasons above, the Court will **GRANT** Plaintiff's IFP application (D.E. 1-2), **DISMISS** the Complaint with prejudice upon screening, and **DENY** Plaintiff's motion for pro bono counsel (D.E. 2) as moot.

December 6, 2023

_____
Evelyn Padin, U.S.D.J.

---

[2] Judge Wigenton permitted Plaintiff an opportunity to amend, but the amendments did not cure the initial complaint's core deficiency: it was unintelligible and failed to state a claim. *See Patel v. United States*, No. 21-16029, 2021 U.S. Dist. LEXIS 178552 (D.N.J. Sep. 20, 2021).